DORIAN HOLDING AND TRADING CORPORATION, Plaintiff, v. BRUNSWICK TERMINAL AND RAILWAY SECURITIES COMPANY, Defendant.

Supreme Court, New York County, March 28, 1930.

*Alexander T. Hussey* [*Clarence F. Hussey* of counsel], for the plaintiff.

*Samuel C. Steinhardt* [*Walter S. Newhouse* of counsel], for the defendant.

LEVY, J. Defendant's motion for judgment dismissing the complaint on the pleadings is predicated upon its contention that the Statute of Frauds is an unanswerable defense to the maintenance of the action. The plaintiff claims that a letter subscribed by it and addressed to the defendant, containing the terms of the alleged agreement, is sufficient to satisfy the statute because the letter was dictated and prepared by the defendant and signed by the plaintiff at the latter's request. Plaintiff's contention is that under those circumstances, the defendant's name, as addressee of the letter, is a signature within the meaning of section 85 of the Personal Property Law (added by Laws of 1911, chap. 571). In *Mesibov v. Cohen* (245 N. Y. 305) the Court of Appeals said, CARDOZO, Ch. J., writing the opinion (at p. 310): "A signature, however, there must be, and a name, written or printed, is not to be reckoned

as a signature unless inserted or adopted with an intent, actual or apparent, to authenticate the writing." The court pointed out, however, that "Whether such an intent is to be inferred will be at times a question of law and at others one of fact, according to the circumstances," depending upon whether "the setting of the occasion gives fair warrant for the inference that it was so intended or adopted."

In England it would seem that the defendant's name as addressee of the letter would be held to constitute a sufficient signature. (*Evans* v. *Hoare*, 66 L. T. Rep. 345; L. R. [1892] 1 Q. B. 593; *Schneider* v. *Norris*, 2 M. & S. 286.) In *Hucklesby* v. *Hook* (82 L. T. 117 [1900]) an offer to purchase written on paper containing the printed name of the vendor, but not otherwise signed by him, was held insufficient *in the absence of evidence that it had been written at his dictation*, the other English cases above cited being distinguished on that very ground.

It occurs to me, even if the English rule, which "it seems, is laxer than with us" (*Mesibov* v. *Cohen, supra*, at p. 311), is not to be followed in this State to its fullest extent, that there is at least a question of fact presented as to the "setting of the occasion" and as to such other circumstances as may bear upon the determination of whether the name of the defendant was "inserted or adopted with an intent * * * to authenticate the writing." It would follow that the defendant is not entitled to judgment dismissing the complaint on the *pleadings*, as amplified by the bill of particulars.

The motion is accordingly denied.